UNITED STATES DISTRICT COURT        EASTERN DISTRICT OF TEXAS

DEWEY EUGENE DILLARD, §
 §
    Plaintiff, §
 §
*versus* § CIVIL ACTION NO. 1:16-CV-512
 §
LEMUR R. BURNS, *et al.*, §
 §
    Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dewey Eugene Dillard, an inmate formerly confined at the Jester III, with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Burns and McCoy.

On February 6, 2017, the Magistrate Judge to whom this case was referred, entered a Report and Recommendation recommending the complaint be dismissed for failure to state a claim and as frivolous (docket entry no. 10). Plaintiff filed Objections to the Report and Recommendation (docket entry no. 12). In the Objections, plaintiff sought to voluntarily dismiss his complaint without prejudice to his right to re-file once he was able to obtain the assistance of inmate counsel. *Id*. On March 3, 2017, this court entered a Memorandum Opinion and Order Partially Adopting the Report and Recommendation to the extent it recommended dismissal and a Final Judgment (docket entry nos. 12 & 13). The Final Judgment stated the dismissal was without prejudice to plaintiff's right to re-file once he obtains assistance of inmate counsel.

On June 7, 2019, plaintiff filed a Motion for Extension of Time to re-file (docket entry no. 17). In this motion, plaintiff stated he was granted "FI-3R" parole which was contingent upon his

completion of particular rehabilitative courses. *Id*. Plaintiff stated it would take him approximately three months to complete the courses and sought an extension through September 30, 2019. *Id*.

On September 9, 2019, plaintiff filed another motion seeking clarification from this court as to whether plaintiff would be barred from filing his complaint due to the statute of limitations (docket entry no. 18). Plaintiff specifically inquired as to whether the dismissal was without prejudice to plaintiff's right to re-file without a limitations bar once he was released from prison. *Id*.

While the applicable limitations period may be equitably tolled in appropriate circumstances, this rule is not without some restrictions. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id*. "[W]hen state statutes of limitations are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights").

While this court entered an order granting plaintiff's motion to voluntarily dismiss his case, the order was without prejudice to plaintiff's right to re-file once plaintiff obtained inmate counsel.

Although not stated explicitly, it was presumed that the re-filing would be within a reasonable time frame and while plaintiff was still incarcerated. Plaintiff waited over two years before seeking a motion for extension of time to re-file his complaint. This does not demonstrate plaintiff has been diligently pursuing his rights. Furthermore, in granting such a motion, the statute of limitations, in essence, would be extended to almost four years. These circumstances do not justify equitable tolling.

Regardless, the court made an independent review of the website for the Texas Department of Criminal Justice to determine if plaintiff was released from prison.[1] This search revealed that plaintiff is no longer incarcerated. Plaintiff has, however, not updated the court with a new address.

## ORDER

Plaintiff's Motion for Extension of Time (docket entry no. 17) and Motion for Clarification (docket entry no. 18) are **DENIED**.

SIGNED at Beaumont, Texas, this 12th day of March, 2020.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] https://offender.tdcj.texas.gov/OffenderSearch/